## No. 7900.

### LAWRENCE F. BARRETT vs. CITY OF NEW ORLEANS.

It is not by writ of Injunction, but by that of *Mandamus*, that a judgment creditor of the City of New Orleans should proceed to compel its Mayor and Administrators, in preparing the annual budget of the city, to comply with the law by placing his judgment thereon and providing for its payment.

Such being the case, Plaintiff's petition for an Injunction discloses no legal cause of action.

APPEAL from the Sixth District Court for the parish of Orleans. *Rightor*, J.

---

*J. H. Ferguson* for Plaintiff and Appellant:

First—A cause of action is clearly set forth in plaintiff's petition. Defendant's exception is, to the form of relief invoked, and should have been pleaded in *limine litis*. C. P. 344.

Second—Injunction and not mandamus is the proper remedy. Plaintiff seeks to prevent de-

fendants from doing an act injurious to him, and from impairing his legal rights. C. P. Art. 296.

Third—The writ may be directed to parties or public officers, enjoining or commanding them to do certain acts or things, and is as effective in enforcing a right as in preventing a wrong or injury. 7 R. 444 and 445; 18 An. 242; 31 An. 497. ·

Fourth—The writ is invoked in this case, not for the purpose of taking the place of fi. fa., but to compel defendants to comply with the law, and to abstain from doing certain injurious acts.

*E. Howard McCaleb*, City Attorney, for Defendant and Appellee:

1. Mandamus, and not injunction, is the proper process for enforcing the payment of a judgment obtained against a municipal corporation. 2. After the rendition of a judgment against a municipal corporation, the judgment creditor can compel the municipal authorities to provide for its payment by mandamus. 3. In such cases the writ of mandamus takes the place of the writ of "fi. fa." as process in execution. 4. The writ of injunction is a conservatory act, a provisional order, obtained before judgment, and cannot be used as a substitute for a mandamus after judgment.

The opinion of the Court was delivered by

FENNER, J. The plaintiff alleges that he is the owner of certain judgments against the City of New Orleans, which have been duly registered in accordance with the provisions of Act No. 5, Ex. Sess. of 1870; that it is the duty of the Mayor and Administrators of the city to provide specifically in the forthcoming yearly budget, out of the funds to arise from the general tax, means for paying all registered judgments in the order of their registry; that he had demanded, in writing, a compliance with said requirement by said officials, which they refused; that they were about to cause to be made out and to adopt the budget or estimate of liabilities and expenditures, without providing therein for the payment of his said judgments, to his irreparable injury; and that he has no adequate legal remedy except the writ of injunction. Upon affidavit and bond, he prayed for and obtained, an injunction restraining the Mayor and Administrators from preparing, adopting and publishing the said annual statement or budget until they comply with the statute by placing therein the said judgments of plaintiff, and by providing for the payment thereof; and he prayed that, after due proceedings, this injunction be perpetuated.

To this petition the defendants filed the peremptory exception of no cause of action, which was sustained by the court *a qua*.

Plaintiff contends that, under this exception, we are only authorized to enquire whether, under the allegations of his petition, he has set forth a cause for any relief, and not whether he has set forth a cause for the particular relief sought.

The true test of this exception is found in the inquiry whether, taking all the allegations of his petition as true, the plaintiff is entitled to any relief under the prayer of his petition.

In this case, the solitary relief asked is a writ of injunction and the perpetuation thereof, and no other relief could possibly be granted. It follows, that unless the petition presents a case for injunction, the exception must be sustained.

In a case precisely similar to the present, this Court held, not only that the writ of mandamus was the proper remedy, but also, that " there is no means or process by which the right can be enforced otherwise than by mandamus."

State ex rel. Carondelet vs. Mayor, 30 An. 132.

We are not called upon, now, to say how far the doctrine of that case, as to the extent of relief granted by mandamus, may be sustained, but it is certainly correct in holding that mandamus is the only remedy.

The duty of preparing and publishing the annual budget of liabilities and expenditures, prior to the expiration of each year, is imposed upon the Council by an absolute and mandatory law.

So far as the injunction sought operates to prohibit the performance of this clear duty, it is clear that no court has the right, under any circumstances, to grant it.

Accepting plaintiff's construction that, in this case the injunction is, in effect, mandatory in character, and intended to compel defendants to comply with the law, it then clearly usurps the office of the writ of mandamus, and would render that writ a superfluous and useless remedy.

The cases quoted by counsel, in which the mandatory injunction has been approved, are cases in which, by reason of the character of the parties, the writ of mandamus did not apply. Even in such cases, this Court has held that the mandatory writ can only issue in enforcement of judgment or decree, or as auxiliary to a prohibitory injunction previously issued.

Black vs. Good Intent, 31 An. 499.

We think it perfectly clear, that plaintiff has mistaken his remedy in this case, and that the exception of defendant was properly sustained.

The judgment appealed from is, therefore, affirmed at appellant's cost.