GULOTTA, Judge.
Structures on real property owned by plaintiffs were demolished by the City of New Orleans under the authority of Article 305 of the Building Code which provides for demolition of dangerous or unsafe property. A suit brought against the City, seeking damages for unlawful demolition based on the City’s failure to give proper notice as required in the Building Code, was dismissed by the trial judge. Plaintiffs appeal.
It is plaintiffs’ position that the City’s attempt to notify plaintiffs of the City Council’s demolition authorization hearing and of the demolition by certified mail (these certified letters were returned to the City and were not received by plaintiffs) did not satisfy the notice requirements of § 3[1] and § 8(c) [2] of Article 305 of the Building Code of the City. According to plaintiffs, § 3 of Article 305 of the Code requires that written notice shall he served upon the owner ordering him to remove or repair the premises. In addition, relying on § 8(c) of Article 305, plaintiffs claim that the City cannot rely on registered mail for notice unless the owner cannot be found within the City after a diligent search has been made. The Puderers claim no diligent search was made.
The matter was heard on a stipulation of facts and on argument and brief of counsel. It was stipulated, among other things, that (1) written and formal notice was given to plaintiffs to perform the necessary repairs on the property; (2) a notice *837 of public nuisance was received instructing the Puderers to appear before the panel of review on June 3, 1970[3] to show cause why the structure should not be demolished; (3) on March 31, 1971, a certified letter to plaintiff, E. Puderer, stating that a motion was to be presented to the City Council for authority to demolish was received;[4] (4) notice of hearing before the City Council which was to be held on December 7, 1971, was mailed on December 2, 1971, and was returned to defendant with the notation “No Response — Notified 12/3/71”. This notice was received by defendant on December 22, 1971; (5) the City posted a placard on the property on June 2, 1970; (6) notice of the City Council’s action ordering demolition was mailed on December 10, 1971, certified mail, and returned on December 28, 1971, with the notation “No Response — Notified 12/13/71”; (7) certified letter dated April 21, 1972, advising Puderer that the request for a permit to utilize the property for nonconforming use had been denied and that a contract had been entered into for the demolition of the property. This letter was returned on May 9, 1972, with a notation “No Response— Notified 4/22/72”.
The trial judge, in written reasons, concluded that the City had complied with the statutory requirements for notice in the Building Code. We do not agree.
It is clear that Article 305 of the Building Code requires that, prior to demolition, notice will be given to the property owner at crucial stages of the proceedings. For example:
1. Article 305, § 3 provides for written notice to be served upon the owner ordering him to remove or repair the premises.
2. Section 6 of Article 305 provides for a second notice to be served upon refusal to commence the demolition or repair within 24 hours.
3. Article 305, § 8(b) requires that the owner be notified of the time and place to appear before a “panel of review” to show cause why the structure should not be demolished.
4. Section 8(c) of the same Article states that if the person addressed with a notice of public nuisance cannot be found within the City after diligent search, then such notice shall be sent by registered mail.
5. Section 8(d) of the Article states that a person failing to appear or not receiving a continuance from the “panel of review” hearing shall be deemed in violation of the Code and demolition proceedings shall be instituted without further notification. (underline ours)
The language contained in § 8(d) would seem to evidence the Article’s intent to provide the owner with notification of demolition procedure (authority for Council to demolish) following the panel of review hearing when the property owner has appeared before the review panel or arranged for a continuance before the panel. Section 7 of the same Article prohibits the Director from demolishing the structure in the absence of a Council order. These two sections, when read together, indicate an intent to furnish the property owner with notice of the City Council hearing prior to the demolition.
In the instant case, the registered letter advising plaintiffs to appear at a panel of review hearing on March 31, 1971, was not received by them but was returned to the sender. A registered letter, dated December 7, 1971, advising the Puderers of the City Council meeting, also was returned to *838 the sender. Likewise, the registered letter advising Puderer that the Commission Council had authorized demolition of the structure was not received by plaintiffs but also was returned to the sender.
 Under the circumstances, we conclude that the not received, returned to sender registered letters, notifying the Puderers of the panel of review and the Council hearings, constitute no notice of crucial stages of the proceeding prior to demolition, as required by the ordinance. We find support for this conclusion in § 8(c). This section indicates that the City must resort to service of process before an attempt at registered mail is made. Furthermore, the statutory requirement in § 3 that notice be “served” implies notice by service of process.
We cannot conclude that the Article’s notification requirements relating to the structure being declared a public nuisance (§ 8(c)) and relating to the owner’s duty to remove or repair the structure (§ 3) were intended to be more demanding than the Article’s notification requirements relating to the hearings before the panel of review and the Council. Nor do we view the declaration of public nuisance and notification by the City to remove or repair a structure as being more crucial stages of the. proceeding than the panel of review or Council hearings.
Accordingly, we hold that the notice requirements of the ordinance place upon the City a duty to attempt to notify the property owner, through service of process, at all crucial stages of the demolition proceedings, prior to resorting to the use of registered or certified mail. These requirements were not met in the instant case.
Accordingly, the judgment of the trial court is reversed. Judgment is now rendered in favor of 'plaintiffs and against the City of New Orleans, ordering the cancellation of the lien bearing against plaintiffs’ property in the sum of $1,212.00. Judgment is further rendered in favor of plaintiffs in the stipulated amount of $300.00, with judicial interest from date of judicial demand until paid.

Reversed and rendered.

. Article 305, § 3 reads as follows:
“The Director shall serve a written notice containing a description of the premises to be removed or repaired, upon the owner or one of the owners, executor, administrator, agent, lessee, or person or persons who may have a vested or contingent interest in the premises, ordering them to remove or repair the premises, whichever is necessary. Said notice shall direct the person or persons served to certify to the Director within 24 hours from the time of service of such notice his or their assent or refusal to secure or remove same.”

. Article 305, § 8(c) reads as follows:
“If the person addressed with a notice of a public nuisance cannot be found within the city after diligent search, then such notice shall be sent by registered mail, to the last known address of such person, and a copy of the public nuisance shall be posted in a conspicuous place on the premises and such procedure will be deemed the equivalent of personal notice.”

.Hearing before the panel of review took place on March 31, 1971. Certified letter dated March 24, 1971, notifying plaintiffs of this hearing, was returned to sender.

.No date was specified in the notice for hearing before the City Council.