ELLIS, Judge:
By letter of April 8, 1971, Leo J. Ther-iot, then a member of the Louisiana Tax Commission, was charged with violation of the Code of Ethics of this state, R.S. 42:1111 et seq., and advised that a public hearing would be held on April 22, 1971, to investigate the said charge. The specific charge reads as follows:
“Beginning approximately March 17, 1970 and continuing thereafter you accepted and converted to your own use and possession salary payments at the rate of $16,000 per year without rendering services to the State commensurate therewith.”
*772 After the hearing, the Louisiana Commission on Governmental Ethics rendered an opinion in which it found Mr. Theriot to be guilty of the charge against him, and entered an order that he be discharged as a member of the Tax Commission, that no State agency be permitted to appoint him to any position as a State employee for one year, and that proceedings be instituted to recover amounts paid him as salary.
From that opinion and order, Mr. Ther-iot has appealed to this Court.
In this Court, the Commission asks that we dismiss the appeal of Mr. Theriot on the ground that the application for same contains no assignment of errors, as required by Rule B, Section 3 of the Appendix of the Uniform Rules of the Courts of Appeal. We think that the motion comes too late. The record was lodged with the Court on October 5, 1971, and the extended return date was October 6, 1971. The motion was filed on December 8, 1971, more than three days thereafter. The motion relates to an informality or irregularity in the proceedings, rather than to a jurisdictional defect. Under Article 2161 of the Code of Civil Procedure, such a motion must be filed within three days of the return date or the date the record is lodged, whichever is later.
It is clear and uncontradicted that, between the dates of March 17, 1970, and March 17, 1971, Mr. Theriot failed to perform any of the duties regularly performed by other members of the Tax Commission, although he drew his salary as such during the entire period.
R.S. 42:1117(B) provides:
“No member of any board or commission appointed by the Governor with or without the consent of the Senate shall receive compensation or anything of economic value, other than that to which he is duly entitled from the government, for the performance of any activity during his services as such official and within the scope of his official responsibilities.”
R.S. 42:1120(F) provides:
“The head of each state agency shall constantly screen all employees under his supervision to ascertain that such employees are needed to perform the work of the agency and shall promptly take the necessary steps to reduce the number of the employees of the agency to a sufficient or satisfactory number required. Knowingly having one or more employees on the payroll who are not rendering service for which they are being paid shall subject the agency head as well as such employee to the disciplinary action and penalties provided by this Part. Added Acts 1964, No. 110, § 1.”
The Commission found Mr. Theriot to be in violation of both of the foregoing, reasoning that since he performed no services, he was entitled to no remuneration for same, and acceptance of any compensation by him from the State constituted a violation of R.S. 42:1117(B), supra. Since the fact of his failure to perform his duties is clearly established, we find the Commission to be correct in its interpretation of that section.
Under R.S. 42:1111(G) (2), Mr. Theriot is a “State Employee”, and also falls within the scope of R.S. 42:1120(F).
His contention that neither of the foregoing sections apply to him is without merit. He is clearly subject to the provisions thereof.
Mr. Theriot also claims that, since Article 10, Section 2 of the Constitution, which creates the Tax Commission, and R.S. 47:1831 and 1836 do not detail any specific duties of the office held by him, he cannot be held to have violated any law by performing no duties whatsoever. The above constitutional provision empowers the Tax Commission to fulfill certain general duties, as does R.S. 47:1831. R.S. 47:1836 imposes on the Tax Commission the specific duty to make certain studies and reports. R.S. 47 .T979-47 .T990 inclusive set forth a number of specific duties for the Commission, none of which were *773 performed by Mr. Theriot. His contention in this respect is not only without merit, it is frivolous.
It is further claimed that Mr. Theriot was never properly notified that he was to be investigated or of the charges against him. The Code of Ethics provides for notice only in the event of a private or public hearing. No notice is required if an investigation is instituted. R.S. 42:1119(D) (3). Mr. Theriot was not entitled to notice of the investigation and he was sent none. He was entitled to notice of the public hearing, which was the only hearing held, and this he received by letter of April 8, 1971, hereinabove mentioned. That letter also gave him notice of the charges against him. This satisfies the requirement of R.S. 42:1121 (D) (1).
Mr. Theriot further claims that, under the provisions of R.S. 42:1121(D) (5) he was entitled to be present at every stage of the proceedings against him. This section provides, in part, as follows:
“Any state employee or other person who is the subject of any hearing shall have the right of legal counsel, the right to cross-examine witnesses, and the right to call witnesses and present evidence in his own behalf.”
We interpret this provision to mean that Mr. Theriot has the right to full representation by counsel, to cross examine witnesses against him and to present evidence on his own behalf at all adversary hearings, public and private. We do not believe that he is entitled to participate in his own investigation or be present at meetings of the Commission at which the results of such an investigation might be revealed. He is entitled to these rights only at adversary hearings, and we do not believe that the meetings of the Commission or investigations carried out by the Commission personnel fall within this category. A hearing contemplates the reception of primary evidence, testimonial or otherwise, rather than the hearsay results of an investigation.
Finally, Mr. Theriot claims that when the letter advising him of the charges and the date of the hearing was sent, it constituted “action” against him under R.S. 42:1119(D) (4), which provides :
“It may conduct hearings in discharge of its responsibilities. The commission shall have authority to take or order action to be taken against any employee or other person only after a public hearing.”
He contends that only after a public hearing could charges be brought. This contention also borders on the frivolous. The action referred to in the foregoing section is disciplinary action, such as was taken against Mr. Theriot after the public hearing held herein, and not the holding of a hearing to determine if such action is justified.
Mr. Theriot complains of the proceedings in no respect other than the foregoing, all of which we have found to be without merit. The opinion and ruling of the Commission appealed from, therefore, is affirmed, at appellant’s cost.
Affirmed.