298 So.2d 285 (1974)
LOUISIANA MILK COMMISSION et al.
v.
LOUISIANA COMMISSION ON GOVERNMENTAL ETHICS.
No. 9892.
Court of Appeal of Louisiana, First Circuit.
June 28, 1974.
Rehearing Denied August 13, 1974.
*286 John V. Parker, Baton Rouge, for appellants.
R. Gray Sexton, Baton Rouge, for appellee.
Before SARTAIN, BAILES and VERON, JJ.
VERON, Judge:
Counsel for plaintiff has made a correct statement of the case and we adopt it:
"This is a suit for declaratory judgment and injunctive relief brought by the Louisiana Milk Commission (hereafter "Milk Commission") and four of its members against the Louisiana Commission on Governmental Ethics (hereafter "Ethics Commission"). The matter was heard in the district court on a rule for a preliminary injunction. After trial of the rule, the district judge sustained an exception of prematurity as to the members of the Milk Commission and a peremptory exception of no cause of action as to the Milk Commission, insofar as the petition and amended petition pray for injunctive relief. The exceptions were overruled insofar as the petitions pray for a declaratory judgment.
"The petition and amending petition allege (and it is admitted) that the Ethics Commission conducted a `private investigation' into the structure and organization of the Milk Commission as it has been established by the Legislature and into the manner in which it is presently constituted. As a result of that investigation, the Ethics Commission issued its Opinion No. 20, dated December 28, 1973 (copy of which is attached to the original petition and marked "Exhibit 1") in which is recognized, `what can only be described as an irreconcilable conflict between legislative expressions; on the one hand the Louisiana Orderly Milk Marketing Law requires that the Commission be staffed by individuals who engage in businesses which are vitally effected by the decisions, orders and rulings *287 of the Commission on which they serve. On the other hand, these very Commission members are subject to the provisions of the Code of Ethics which requires in language permitting of only one interpretation that a member of a Board of Commission cannot engage in the business regulated or controlled by the Commission on which he serves..." (Opinion No. 20, p. 2; emphasis by the author of the opinion)
"The Ethics Commission then concluded that L.R.S. 42:1111(H) prohibits membership upon the Milk Commission by persons who are producers, handlers or retailers or who are otherwise engaged in the business regulated generally by the Milk Commission (the dairy industry).
"The Opinion then issued the mandate of the Ethics Commission directing that the four industry representative members notify the Ethics Commission within fifteen days as to whether they have resigned from the Milk Commission or otherwise "irrevocably divested themselves of any interest in the business generally regulated by the Louisiana Milk Commission.' The Ethics Commission also stated in the Opinion that unless affirmative action was taken within fifteen days, it would order a public hearing. The Opinion leaves no doubt that any such public hearing would result in an order removing these four members of the Milk Commission from office.
"By letter dated January 11, 1974, the Executive Secretary of the Milk Commission requested that the Ethics Commission forestall implementation of the mandate contained in Opinion No. 20 pending judicial determination of the case of State ex rel Guste, et al vs. Louisiana Milk Commission, et al, No. 9857 of the Docket of this Court to be argued May 15, 1974, since that case involves substantially the same issues. By letter dated January 25, 1974, the Ethics Commission reaffirmed the expressions contained in Opinion No. 20 and refused the request to delay implementation of its mandate, noting that the Ethics Commission is better qualified to render interpretations of the provisions of the Code of Ethics than is this Court. Acopy of that letter is attached to the original petition and marked "Exhibit 2".
"On February 4, 1974, the Milk Commission and the four industry representative members filed this suit, alleging that the Ethics Commission has no jurisdiction or authority to change, vary or modify the statutory qualifications for office established by the Legislature, that the Ethics Commission had officially declared its intention of doing so and that such action is ultra vires and beyond the powers of the Ethics Commission. The original petition prays for a declaratory judgment to that effect and further prays for injunctive relief. On February 5, 1974, subsequent to the filing of the original petition, the Ethics Commission called a public hearing and issued notices to each of the four industry representatives as well as to the Milk Commission. The hearing was to have been upon charges that the four industry members had violated the Code of Ethics by serving upon the Milk Commission while owning an economic interest in the dairy industry. (See written stipulation). An amending petition setting forth these facts was filed. A rule for preliminary injunction was issued and the Ethics Commission filed exceptions and, reserving all rights, its answer. The rule was tried upon the pleadings an affidavit and a written stipulation of facts entered into the record (Record, p. 4).
"As noted above, the trial judge sustained exceptions of prematurity and no cause of action as to the injunctive relief sought and did not pass upon the merits. The Milk Commission has appealed."
Plaintiffs contend that the trial court erred in three particulars, namely; (1) in sustaining the exception of prematurity, *288 (2) in sustaining the peremptory exception of no cause of action and (3) in refusing to issue a preliminary injunction.
By Act 340 of 1962, which amended the Louisiana Orderly Milk Marketing Law (R.S. 40:940.1 et seq.), the legislature created the Louisiana Milk Commission. R.S. 40:940.16 spells out the membership and their qualifications. The Commissioner of Agriculture is made an ex-officio member and the governor appoints the other six members. Four of the six appointive members are required to have specific qualifications. Three members are required to be handlers (milk processors) and one member is required to be a milk producer (dairy farmer).
Plaintiffs J. Bert Davis, E. Leroy Miller and Lawrence D. Custer are the handlers of the commission and plaintiff W. Deloy Smith is the milk producer member.
The law provides that five members are required to constitute a quorum to conduct regular business, except however, that three members may conduct hearings on any matter where a transcript of the record is prepared before a decision is reached.
The trial court sustained the exception of prematurity as to the four members of the Milk Commission upon the ground that they must "first exhaust their administrative remedies before proceeding to enlist judicial assistance in the form of injunctive relief".
The Ethics Commission issued its Opinion No. 20, dated December 28, 1973, directing the Milk Commission to notify the Ethics Commission within 15 days of the receipt of the opinion "as to whether or not those members of the Milk Commission who are either handlers, producers, or retailers have either resigned their position as Commissioners on the Louisiana Milk Commission or, otherwise, have irrevocably divested themselves of any interest in the business generally regulated by the Louisiant Milk Commission".
The Milk Commission requested a stay of Opinion No. 20 until such time as the case of State of La. ex rel. William J. Guste et al. v. Louisiana Milk Commission et al., No. 9857 on the docket of the Court of Appeal, First Circuit, 297 So.2d 750, has been resolved. The Ethics Commission refused this request and stated that the 15-day limitation contained in its Opinion No. 20 continued to be operative.
Upon the refusal of the Ethics Commission to stay its proceedings pending the termination of the Guste case, supra, this suit was instituted on February 4, 1974. On February 5, 1974, the Ethics Commission called a public hearing and issued notices to the Milk Commission and the four Commissioners, who were industry representatives, that they had violated the Code of Ethics by serving on the Milk Commission while owning an economic interest in the dairy industry.
It is contended by the Ethics Commission that one of the fundamental precepts of the law is that one must exhaust his administrative remedy prior to seeking judicial review. O'Meara v. Union Oil Company of Louisiana, 212 La. 745, 33 So.2d 506 (1948); State of Louisiana ex rel. Bert Leasing Corporation v. Donelon, 173 So.2d 24 (La.App. 4th Cir. 1965).
Plaintiffs contend that the Ethics Commission is about to perform ultra vires acts, i. e., taking action concerning the structure and organization of the Louisiana Milk Commission, qualifications of its members and ordering those members of the milk industry to either resign from the Milk Commission or divest themselves from any economic interest in the milk industry. Plaintiffs further contend that they have not sought and do not seek to hamper the activities of the Ethics Commission in any matters over which it has jurisdiction.
"Law" is defined as "a solemn expression of legislative will". La.C.C. art. 1. The Ethics Commission and the Milk Commission are agencies created by the legislature of Louisiana, and thus are "solemn expressions of legislative will".
*289 The Ethics Commission, in its Opinion No. 20, took the position that the legislature gave it authority to override legislation which was passed prior to its creation. Nowhere in the act creating the Ethics Commission can any authority be found which gives to the Ethics Commission the power to change any act passed by the legislature. Since there is no authority for the Ethics Commission to change the qualifications of the members of the Milk Commission, it certainly follows that the Ethics Commission was attempting to perform an ultra vires act, namely, to usurp the power of the legislature.
In Mitchell v. Louisiana State Board of Optometry Examiners, 128 So.2d 825 (La. App. 3rd Cir. 1961), Judge (now Justice) Tate, speaking for the court stated:
"Although the general rule is, as stated, that a party must exhaust his administrative remedies before applying to the courts for relief, this rule is subject to flexible exception, where there is a sufficient showing of the inadequacy of the prescribed administrative relief and of threatened substantive prejudice if the petitioner is relegated solely to the administrative remedy, especially where there are substantial allegations that the administrative agency's actions are upon their face without legal or constitutional authority. See Rogers v. Louisiana State Board of Examiners, La.App. 3 Cir., 126 So.2d 628; Feinblum v. Louisiana State Board of Optometry Examiners, La.App. 1 Cir., 97 So.2d 657, Howard Co. Jewelers v. New Jersey State Board of Optometrists, 1943, 133 N.J.Eq. 4, 29 A.2d 742. See also Davis Administrative Law Treatise (1955), Sections 20.01 (p. 56), 20.04 (p. 74), 20.07 (p. 97), 20.09 (p. 106), 23.04 (p. 307), and 24.05 (p. 420); 73 C.J.S. Public Administrative Bodies and Procedure § 26b., p. 321; § 45, p. 361, and § 169, p. 511...."
The Ethics Commission contends that no order has been rendered, there has been no adjudication and there has been no decision or final decision. Therefore no action had yet been taken by the Ethics Commission about which plaintiffs can complain.
There are no facts in dispute. A public hearing will not serve any useful purpose. The Ethics Commission has determined that the members of the Milk Commission must either resign or divest themselves of any economic interest in the dairy industry. It would be a vain and useless thing to require the industry members to undergo a public hearing when that public hearing will not settle an irreconcilable conflict between legislative expressions.
The ruling of the trial court sustaining the exception of prematurity is overruled.
The trial court held that the peremptory exception of no cause of action as it relates to the individual members of the Milk Commission plea for injunctive relief was moot since the court sustained the exception of prematurity and considered the exception only insofar as it relates to the Milk Commission's request for injunctive relief. The Ethics Commission contends that the plaintiffs are seeking the issuance of a preliminary injunction and yet have failed to allege specific facts supporting the conclusion that irreparable loss or injury will occur if an injunction does not issue. LSA-C.C.P. art. 3601. This exception was directed only to the plea for injunctive relief and is not directed towards the plaintiffs' request for a declaratory judgment.
All allegations of fact made in and documents attached to a petition must be taken as true in the determination of an exception of no cause of action. American Creosote Co. v. Springer, 257 La. 116, 241 So.2d 510 (1970); American Bank & Trust Company v. French, 226 So.2d 580 (La. App. 1st Cir. 1969).
Plaintiffs' petition alleges that the Ethics Commission has announced (through Opinion No. 20) that the four *290 industry members of the Milk Commission are in violation of the Code of Ethics because they possess the very qualifications which make them eligible for membership on the Milk Commission. Plaintiffs further state that the Ethics Commission has demanded that each of them either resign or divest themselves of all economic interest in the dairy industry. Among other allegations of the plaintiffs is that the Ethics Commission does not and has not alleged any wrongdoing on the part of any member of the Milk Commission.
Paragraph 23 of plaintiffs' petition alleges that if the four industry members of the Milk Commission resign, the Governor is prohibited by law from filling the vacancies except by other persons who have the same qualifications. Additional allegations state that the Ethics Commission has prejudged this matter and cannot conduct a fair and impartial public hearing and further that a public hearing would be an empty administrative procedure since the Ethics Commission has already determined that no milk handler or producer may serve on the Milk Commission.
The plaintiffs have alleged sufficient facts to state a cause of action.
Plaintiffs contend that the trial court erred when it refused to issue a preliminary injunction enjoining the Ethics Commission from holding a public hearing.
Plaintiffs contend that they are entitled to injunctive relief only to the extent that the threatened acts of the Ethics Commission are ultra vires. They contend that the Ethics Commission has no authority to order the industry members of the Milk Commission removed from office upon the grounds that each owns an economic interest in the dairy industry, particularly since the Legislature, which created both agencies, has already made it mandatory that each own a particular and specific economic interest in the dairy industry, and the Legislature has made it mandatory that persons owning such economic interest participate in the performance of the Milk Commission duties.
In the case of Waters v. Karst, 235 So.2d 222 (La.App. 3rd Cir. 1970), the court stated:
"Irreparable injury is that injury for which an injured party cannot be compensated adequately in damages and which damages cannot be measured by pecuniary standards. Dastugue v. Cohen, 14 La.App. 475, 131 So. 746, 761 (La.App.Orls.1930).
"Waters has shown that he was appointed to the Rapides Parish Planning Commission in January of 1968 to serve for a period of three years; that he has served since that time and desires to serve his term; that he has engaged counsel for the purpose of defending him and representing him in this matter; that he is a business man who has lived in this area all of his life; that he is active in civic affairs; that the effort by Mayor Karst to remove him has resulted in many requests for statements from the news media; that he has been bothered by the kidding and comments related to this event; and that Mayor Karst is firmly committed to removing Waters from the Commission.
"To subject Waters to a public hearing which Mayor Karst has no authority to hold would cause irreparable injury, and Waters is therefore entitled to injunctive relief. See West v. Town of Winnsboro, 252 La. 605, 211 So.2d 665 (1968); Lentini v. City of Kenner, 252 La. 413, 211 So.2d 311 (1968)."
To subject the industry members of the Milk Commission to a public hearing before the Ethics Commission solely upon the grounds that each of them possesses the statutory qualifications for office would cause irreparable injury and they are therefore entitled to injunctive relief.
The record in this case is complete insofar as the issues before this Court are concerned. This Court has the authority to *291 "render any judgment which is just, legal, and proper upon the record on appeal..." LSA-C.C.P. art. 2164.
For the foregoing reasons, the judgment of the trial court sustaining the exceptions of prematurity and no cause of action and denying the preliminary injunction are reversed and judgment is further rendered herein, enjoining and prohibiting the Ethics Commission, its members, agents, employees and all other persons acting or claiming to act on its behalf from initiating or holding any public or private hearing or investigation involving the structure or organization of the Louisiana Milk Commission or any of its members insofar as such hearing or investigation may relate to the qualifications for office which have been prescribed by the Legislature for membership and further restraining and enjoining it from issuing any order or directive requiring removal of plaintiffs J. Bert Davis, E. Leroy Miller, Lawrence D. Custer and W. Deloy Smith or any of them as a member of the Milk Commission upon the grounds that they own an economic interest in the dairy industry.
All other matters to await the final disposition of the trial court on the action for a declaratory judgment.
Defendant to pay all costs of this appeal, as provided by law.
Reversed.
SARTAIN, J., concurs and assigns reasons.
SARTAIN, Judge (concurring).
I fully concur in the opinion and feel compelled to add the following observation:
It is my belief that the principal reason why the Legislature decreed that three members of the Commission are required to be milk processors and one member a milk producer is that the Legislature deemed that these appointees would be possessed of certain expertise in the handling and production of milk. This does not, per se, create a conflict of interest. Whether or not there should be lay members added to the Commission is a matter that addresses itself to the wisdom of the Legislature and such changes as are deemed to be in the best interest of the public can and should be made by the Legislature, not the court nor the Louisiana Commission on Governmental Ethics.