367 So.2d 1188 (1978)
STATE MINERAL BOARD et al.
v.
LOUISIANA COMMISSION ON GOVERNMENTAL ETHICS.
No. 12119.
Court of Appeal of Louisiana, First Circuit.
August 16, 1978.
Rehearing Denied October 19, 1978.
Writ Refused December 1, 1978.
John V. Parker, Baton Rouge, of counsel, for plaintiff-appellant State Mineral Board.
Alfred S. Lippman, Morgan City, of counsel, for plaintiff-appellant Charles M. Garber.
James Burton, New Orleans, of counsel, for plaintiff-appellant Arthur I. Levy, Sr.
E. L. Edwards, New Orleans, of counsel, for plaintiff-appellant Andrew Martin.
*1189 Phillip Wittmann, New Orleans, of counsel, for plaintiffs-appellants Jerome S. Glazer, Glen Wood.
Claude B. Duval, Houma, of counsel, for plaintiff-appellant Luke E. Grezaffi, Jr.
Donna D. Fraiche, Baton Rouge, of counsel, for plaintiff-appellant John M. Howard.
R. Gray Sexton, Baton Rouge, John Martzell, New Orleans, Thomas Halligan, Asst. Atty. Gen., of counsel, for defendant-appellee Louisiana Commission on Governmental Ethics.
Before COVINGTON, EDWARDS and PONDER, JJ.
PONDER, Judge.
This is a suit by the State Mineral Board and some of its members for a declaratory judgment and for an injunction against a hearing. The lower court sustained a peremptory exception of no right of action as to the Mineral Board and a dilatory exception of prematurity as to the members. The State Mineral Board and some of the members appealed. This court issued a stay order barring a hearing until a decision is reached.
The issues are:
1. Whether the Mineral Board has a right of action or the "standing to question" the constitutionality of the Governmental Ethics Law;
2. Whether individual members of the Mineral Board should have exhausted administrative remedies; and
3. Whether a preliminary injunction should have been issued.
We affirm.
The Commission on Governmental Ethics sent a letter to the Department of Natural Resources advising of possible violations of the Code of Governmental Ethics by some members of the Mineral Board who were doing business with companies holding leases of publicly owned lands by action of the Mineral Board. The Department of Natural Resources did not respond to the letter; it has no authority over the Mineral Board. The Ethics Commission then wrote to 13 members of the Mineral Board informing them of an "investigation by public hearing" into possible violations. The Mineral Board and 6 members, questioning both the power of the Commission to take such action and the constitutionality of the statute, sought an injunction against any public or private hearing or investigation which (1) is based upon the premise that the contractual and business relationships between members of the Board and state mineral lessees were per se violations of the Ethics Code, (2) has the purpose of examination into alleged violations of La.R.S. 42:1117(D) or 42:1117(F), or (3), was begun on motion of the Ethics Commission without knowledge of specific acts constituting violations of the Ethics Code. This relief was sought on the grounds that the statute is unconstitutional; that the Ethics Commission is seeking to apply a standard of conduct beyond that authorized by the legislature and that the investigation is being held without reason to believe a violation of the Ethics Code may have occurred.
1. NO RIGHT OF ACTION
The Mineral Board contends that it has a right of action since the action of the Ethics Commission constitutes an interference with the transaction of its duties; since the proposed action of the Ethics Commission is ultra vires and since the Ethics Commission and the Mineral Board have taken opposite positions in interpreting the Ethics Code.
The Ethics Commission has no authority to discipline the Mineral Board as an entity. The investigation concerns individual members of the Board, not the Board itself; there can be no serious interference with the orderly transaction of the business of the Board. Should the investigation lead to a disciplinary hearing at which members of the Board are suspended or removed, the vacancies can be immediately filled by gubernatorial appointment. The interference will be so slight as to be at most a temporary inconvenience.
The Board argues that the Ethics Commission is acting ultra vires. It cites Louisiana Milk Commission v. Louisiana Commission on Governmental Ethics, 298 So.2d 285 (La.App. 1st Cir. 1974).
*1190 In the first place, as developed later, we find the Ethics Commission proposed to hold an investigatory public hearing, not a disciplinary one. The Commission has the power to do so; it is not ultra vires, at least at present.
Furthermore, we find the Milk Commission case inapplicable.
In that case the Ethics Commission urged that members of the dairy industry could not serve on the Milk Commission; the legislature had required that four members of the Milk Commission be members of the dairy industry. If these members were ineligible the governor could not follow the mandate of the legislature by appointing four more members of the dairy industry. Therefore, the Milk Commission would not be able to function.
In the present case, there is no such requirement. Further, the governor is able to appoint and remove members of the Mineral Board at will.
The Mineral Board argues that it has a right of action because it and the Ethics Commission interpret the Code of Ethics differently. It cites Orleans Parish School Board v. City of New Orleans, 238 La. 748, 116 So.2d 509 (1959) and Hainkel v. Henry, La., 313 So.2d 577 (1975).
We find both cases not controlling. That a difference in interpretation inevitably leads to there being a right of action is too broad a statement to be valid. The point in the Hainkel case that there was no alternative method of settling an issue is not present here; the individual members of the Board can present and are presenting the various arguments being advanced by the Board.
We agree with the lower court that the Mineral Board has no right of action against the Ethics Commission. At the most, the attack will be against the present composition of the Board, not its existence.
The defendant also asserts that the Mineral Board has no standing to question the constitutionality of the statutes. While we question that the Mineral Board is sufficiently affected so as to have a "legally protectable and tangible interest at stake in the litigation," we do not have to address that point since we hold that the Mineral Board has no right of action.
II. PREMATURITY
Appellants assert that the doctrine of exhaustion of administrative remedies before resorting to court action does not apply because: there are no adequate remedies; prejudice or irreparable injury would result and the course would be vain and useless.
The Mineral Board and its members object to the hearing because they believe it will lead to dismissal from office upon a finding of a violations of the Code of Ethics; they regard the hearing as disciplinary in nature.
The Ethics Commission, on the other hand, sees the hearing as investigatory. If the investigation shows that possible violations have occurred, a second public hearing, adversary in nature, will be required before any disciplinary action can be taken. It is because the Commission sees the hearing as investigatory that it asserts the members are premature in seeking an injunction. It is necessary for specific charges to be made based on specific violations before it can be said that there is a controversy between the Mineral Board members and the Ethics Commission, sufficient to justify court action. Before these charges can be made, an investigation, evidently, is needed. The Commission has the power to make investigations.[1]
Any person who is the subject of a hearing, has the right to counsel, the right to call witnesses and present evidence, and the right to cross examine witnesses.[2] He must *1191 be given notice of the charges against him not less than ten days prior to the date set for hearing.[3]In re Theriot, 257 So.2d 770 (La.App. 1st Cir. 1972).
The lines between an investigatory hearing and a disciplinary hearing appear to have been blurred. A large part of the problem has been caused by the Ethics Commission using the word "hearing" by itself and by using "investigatory" and "disciplinary" interchangeably. Further the Commission, while using "investigatory" in its letters to individual members of the Board was accusatory in tone and cited the part of the statute that gives it authority to discipline. However, we accept the good faith of the Ethics Commission in its assertion that no disciplinary action can or will result until another, a disciplinary, hearing is held and that the Commission has not made a determination of per se violations. We find the hearing to be an investigation of possible violations of the Code of Governmental Ethics.
Because of this, we believe that until the disciplinary hearing is initiated the questions of adequacy of the remedy, of the irreparable harm and of the vain and useless nature of the hearing do not arise. The Commission is exercising its statutory power to hold an investigation. That the investigation may lead to the possibility of a disciplinary hearing if violations of the Code of Ethics are found, is insufficient basis for an injunction against that investigatory hearing. The contentions of no adequate remedy, of irreparable harm and of vain and useless procedure are therefore without basis as applied to an investigatory hearing. It is conceivable that the Commission might decide that the conduct does not constitute a violation and so end the controversy.
Plaintiffs assert that the Ethics Commission does not have reason to believe that violations have occurred sufficient to justify holding a hearing.[4]
Appellants contend that "the reason to believe" is equivalent to the "reasonable cause to believe" and "probable cause" of the criminal law. We are not so persuaded.
The power to conduct an investigative hearing does not depend on a showing of probable cause or reasonable cause. U. S. v. Morton Salt Co., 338 U.S. 632, 70 S.Ct. 357, 364, 94 L.Ed. 401 (1950); De Masters v. Arend, 313 F.2d 79 (9th Cir. 1963).
There seems to be at least some logical inconsistency in saying that the Ethics Commission has no "reason to believe" and at the same time saying that the members since 1972 have been freely admitting to the Commission investigators the existence of the business activities which plaintiffs assert the Commission believes to be a violation.
Plaintiffs, to free themselves of the necessity of exhausting administrative remedies, assert the unconstitutionality of the statute as being overly broad and vague. Defendant and the Attorney General argue against reaching the question of constitutionality *1192 since they assert that the statute is not penal and its enforcement cannot result in the deprivation of liberty or property, there being no property right in an appointive office. While we are inclined to accept that argument, nevertheless, we prefer to address the merits.
We cannot agree that the statute is unconstitutionally vague or overly broad in its terms. The case of State v. Murtes, 232 La. 486, 94 So.2d 446 (1957) cited by plaintiffs, we find inapplicable. The terms participate and substantial personal economic interest of the statute seems to us to be much more specific and understandable than in any way interested found objectionable in the case. Plaintiffs have not borne the burden of one alleging the unconstitutionality of a statute.
III. PRELIMINARY INJUNCTION
Since the exceptions of prematurity and no right of action were well founded, the trial court was correct in denying the preliminary injunction. The stay order is recalled and the dismissal is affirmed.
AFFIRMED.
NOTES
[1] LSA-R.S. 42:1119 D(3)

"It may conduct private investigations of facts, conditions, practices, or other matters in carrying out its responsibilities and powers under this Part and in obtaining information to serve as a basis for recommending further legislation related to the purposes of this Part."
[2] LSA-R.S. 42:1121 D(5)

"Any state employee or other person who is the subject of any hearing shall have the right to legal counsel, the right to cross-examine witnesses, and the right to call witnesses and present evidence in his own behalf.
"Any witness other than the person who is the subject of the investigation or hearing shall have the right at a hearing to be accompanied by counsel, who shall be permitted to advise the witness of his rights, subject to reasonable limitations to prevent obstruction of or interference with the orderly conduct of the investigation or hearing. Said counsel may also submit proposed questions to be asked for his client."
[3] LSA-R.S. 42:1121 D(1)

"No disciplinary action shall be taken against a state employee or other person by the commission unless such employee or person has been found guilty of a violation of the provisions of this Part at a public hearing conducted for that purpose.
"Any state employee or other person who is to be the subject of a public hearing shall be given written notification of the charges against him and of the time and place such hearing is to be held. Such notification shall be not less than ten days prior to the date set for the hearing. Upon request of an employee or person charged, the hearing may be held sooner."
[4] LSA-R.S. 42:1119 D(5)(b)

"The commission may, on its own motion, consider any matter which it has reason to believe may be a violation of this Part or the regulations or orders issued by the commission."