CARTER, Judge.
Appellant, Ms. Elgin Hill, seeks reversal of an order by the Commission on Ethics for Public Employees that she either resign from the Louisiana State Board of Cosmetology or divest herself of any interest in the R & E House of Beauty.
Ms. Hill is a member of the Louisiana State Board of Cosmetology from the Fourth Congressional District. In her capacity as board member, Ms. Hill supervises Edward James Smithers, the Cosmetology Board inspector for the Fourth Congressional District. Mr. Smithers’ performance evaluations, certificates for leave, and applications for wage increase must be authorized by Ms. Hill. Ms. Hill frequently accompanies Mr. Smithers when he inspects beauty salons.
In addition to her work on the Cosmetology Board, Ms. Hill owns a beauty salon (R & E House of Beauty) located in the Fourth Congressional District and works part-time as a cosmetologist in her beauty salon. Ms. Hill is licensed through the Cosmetology Board as a cosmetologist and as a beauty salon owner. Her beauty salon is inspected periodically by Mr. Smithers to insure compliance with pertinent Board regulations.
On May 26, 1981, the Ethics Commission rendered an advisory opinion titled “Opinion regarding the propriety of members of the State Board of Cosmetology owning a substantial economic interest in a beauty salon.” According to the opinion issued by the Commission, a member of the Cosmetology Board who also owns a beauty salon is in violation of certain sections of the Ethics Code, viz., LSA-R.S. 42:1112 B(2) & (3).
On July 29, 1981, the Commission adopted a resolution initiating a private investigation to determine whether Ms. Hill was in violation of the Ethics Code. The resolution stated:
“That Elgin Hill as a member of the Louisiana State Board of Cosmetology, may be in violation of Sections 1112 B(2) or (3) of the Code by continuing to own a substantial economic interest in, or being an officer, director, trustee, partner or employee of, a beauty salon or other facility regulated by and subject to the control of the Louisiana State Board of Cosmetology.”
On April 23, 1982, the Commission concluded its private investigation into the matter and adopted a resolution to file charges against Ms. Hill. A public hearing to consider the charges was held on September 17, 1982. On October 14, 1982, the *594 Commission rendered an opinion in which it ordered Ms. Hill to resign from the Louisiana State Cosmetology Board or to divest herself of an interest in the R & E House of Beauty. Ms. Hill appeals and assigns the following errors:
(1) The Commission erred in not holding that LSA-R.S. 42:1112 C violates the equal protection clause of the 14th Amendment of the U.S. Constitution and the equal protection guarantee of the Louisiana Constitution;
(2) The Commission erred in interpreting the statutory provisions of the Ethics Code and the statutory provisions concerning requirements for membership on the Louisiana State Board of Cosmetology;
(3) The Commission erred by attempting to enforce an unstated “spirit and purpose” of the Ethics Code; and,
(4) The Commission erred in finding that Ms. Hill had an impermissible conflict of interest.
ASSIGNMENT OF ERROR NO. 1
Appellant first argues that LSA-R.S. 42:1112 C denies her equal protection. This provision allows all public employees to disqualify themselves from participation in any matter when a violation of the Ethics Code would result. Board members, however, are not afforded this option and are required to resign or divest.
The issue was recently ruled on in Glazer v. Commission on Ethics, 417 So.2d 456, 460 (La.App. 1st Cir.1982), reversed on other grounds, 431 So.2d 752 (La.1983). The court addressed the issue as follows:
“Equal protection requirements are fulfilled if there is a rational basis for using the classification method so as to attain a legitimate state interest, (citations omitted)
“Because appointed members of boards are generally charged with formulating policy and participating in fundamental decision-making proceedings, there is a rational relationship to the state interest of avoiding conflicts of interest without creating unnecessary barriers to public service, as provided in the Code, (citation omitted) There is a legitimate reason for making a distinction. We find no constitutional infirmity.”
Accordingly, we find no merit in appellant’s assignment of error.
ASSIGNMENT OF ERROR NO. 2
Appellant next argues that the Commission erred in interpreting provisions of the Ethics Code and statutory provisions concerning requirements for membership on the Cosmetology Board.
In urging this assignment of error appellant argues that the Ethics Commission is attempting to expand the law pertaining to qualifications for Cosmetology Board membership. Appellant contends that the Ethics Commission is attempting to prohibit that which is not prohibited by the legislature.
In support of her argument appellant cites Louisiana Milk Com'n. v. Louisiana Com’n. on Gov. Eth., 298 So.2d 285 (La. App. 1st Cir.1974). In the Milk Commission case, the Commission on Governmental Ethics attempted to hold a public hearing to investigate Milk Commission members who were actively engaged in milk producing or processing. It was the position of the Commission on Governmental Ethics that this dual responsibility, i.e., Milk Commission member and milk producer or processor, violated the Ethics Code. The court held that the Commission on Governmental Ethics was without power to hold such a hearing as the statutory qualifications for membership on the Milk Commission required the Commission to be staffed by members who were actively engaged in the milk business.
In the case sub judice there is no statutory requirement that a Cosmetology Board member actively engage in the profession during the time he/she serves on the Board. Appellant’s reliance on the Milk Commission case is misplaced.
LSA-R.S. 37:493 B, which regulates qualifications of Board members, states:
*595 “Board members, other than the executive secretary, shall have been actively engaged for at least five years prior to their appointment, in this state, in the activities described in the definition of ‘operator’ and/or ‘teacher’ as set forth in this part. The board members shall not all be graduates of the same school of art, nor shall any board member be connected directly or indirectly with the ownership of a school licensed in this state.”
The Ethics Commission stated in its advisory opinion dated May 26, 1981:
“The Commission is mindful of the quoted provisions of R.S. 37:493 B requiring that each Board member ‘... shall have been actively engaged for at least five years prior to their appointment ... ’ as an ‘operator’ or ‘teacher’. The Commission views these expressions of the Legislature literally and opines that the qualifying requirement is antecedent in nature.”
We disagree with the Commission’s interpretation of this statutory provision. We do not believe that the grammatical construction of the statute, i.e., shall have been, mandates a finding that a Board member cannot presently be actively engaged as a beauty operator. However, the inquiry cannot end here.
Appellant also argues that the Commission erred in interpreting LSA-R.S. 42:1112 B(2) & (3) of the Ethics Code:
“No public servant, except as provided in R.S. 42:1120, shall participate in a transaction involving the governmental entity in which, to his actual knowledge, any of the following persons has a substantial economic interest:
* * * * * *
(2) Any person in which he has a substantial economic interest of which he may reasonably be expected to know.
(3) Any person of which he is an officer, director, trustee, partner, or employee.”
Concerning the above quoted statute, the Ethics Commission stated in its advisory opinion dated May 26, 1981:
“Application of the proscription contained in Section 1112 B(2) and (3) ... warrants the conclusion that a member of the Louisiana State Board of Cosmetology, who owns a substantial economic interest in a beauty salon or parlor, or who is an officer, director, trustee, partner or employee of an entity that in turn owns a beauty salon or beauty parlor, does by operation of law ‘participate’ in transactions involving both the Louisiana State Board of Cosmetology, on the one hand, and the beauty salon or beauty parlor in which the member owns a substantial economic interest (or in which the member serves as an officer, director, trustee, partner or employee) on the other hand.
“Accordingly, ownership of a substantial economic interest in a beauty parlor or salon by a member of the Louisiana Board of Cosmetology, or the holding by a board member of the position of an officer, director, trustee, partner or employee of an entity that in turn owns a beauty salon or beauty parlor constitutes an activity prohibited by Section 1112 B(2) and (3) of the Code.”
We agree with the Ethics Commission’s interpretation of Section 1112 B(2) and (3) as applied in the case sub judice. We do not see how one can simultaneously own or work in a beauty parlor and sit on the Cosmetology Board without violating the Ethics Code. The function of the Cosmetology Board is to issue, revoke, or suspend licenses for beauty operators and beauty shop owners. In addition, the Board supervises, investigates, and regulates the beauty and hairdressing industry (LSA-R.S. 37:498). Given the generalized nature of the duties of the Cosmetology Board, it is inevitable that a Board member will “participate” in a “transaction” involving the Board and the member owned salon.
In its October 14, 1982 opinion, which dealt specifically with Ms. Hill’s situation, the Commission wrote:
*596 “Respondent, (1) by supervising the investigator who is responsible for the inspections of not only the ‘R & E House of Beauty,’ but also the competitors of that establishment, (2) by periodically reviewing and approving the inspections and other activities of this inspector, (3) by having the responsibility for the review and approval or disapproval of the applications for registration submitted on behalf of not only the ‘R & E House of Beauty/ (4) and generally, by her actions as an active member of the Board of Cosmetology responsible for the administration of the provisions of the Cosmetology Act, does not only factually, but by operation of law, ‘participate’ in transactions in which both she and the ‘R & E House of Beauty' have a substantial economic interest.”
We agree with the findings of the Ethics Commission. It is clear from the statutes quoted above and from the facts recited earlier that Ms. Hill, as a result of her membership on the Board and her position as owner/operator of a beauty salon, is in violation of LSA-R.S. 42:1112 B.
ASSIGNMENT OF ERROR NO. 3
Appellant next argues that the Commission erred by attempting to enforce an unstated “spirit and purpose” of the Ethics Code. Appellant contends that in ordering Ms. Hill to either divest herself of the R & E House of Beauty or to resign from the Cosmetology Board, the Ethics Commission has gone beyond the letter of the law to some vague and undefined “spirit”. We disagree.
The Ethics Commission has stated in its charges against Ms. Hill that she violated the specific provisions of the Ethics Code. In addition, the Ethics Commission found that Ms. Hill’s activities frustrated the “spirit” of the law.
A fundamental purpose to be served by the Code is to insure that “public employees be independent and impartial ... that public office and employment not be used for private gain ... and that there be public confidence in the integrity of the government.” LSA-R.S. 42:1101. Clearly, Ms. Hill’s dual positions violated this defined “spirit” of the Ethics Code.
ASSIGNMENT OF ERROR NO. 4
Lastly, appellant argues that the Commission erred in finding that Ms. Hill had an impermissible conflict of interest. In urging this assignment of error, appellant points to the transcript of the public hearing in which the chairman of the Board of Cosmetology, the Board’s Executive Secretary, the President of the state beauty school association, and a member of the Ethics Commission praised Ms. Hill as a conscientious, honorable and capable member of the Board.
In Glazer v. Commission on Ethics, 431 So.2d 752, 756 (La.1983), the Supreme Court defined conflict of interest as follows:
“A conflict of interest is a situation which would require an official to serve two masters, presenting a potential, rather than an actuality, of wrongdoing. The wrongdoing does not have to occur in order for a prohibited conflict to exist. A public official may have done no wrong in the ordinary sense of the word, but a conflict of interest may put him in danger of doing wrong.”
The Commission has argued in brief, and we agree, that despite Ms. Hill’s good intentions, her responsibilities as a member of the Cosmetology Board and her interests as owner of a beauty salon and self-employed cosmetologist create a conflict of interest. We note that nowhere in the record is there any evidence of any wrongdoing by Ms. Hill. However, because of the circumstances, there is the possibility of an impropriety occurring. It is the purpose of the Ethics Code to avoid even this possibility of impropriety.
For the foregoing reasons, the decision of the Commission on Ethics for Public Employees is affirmed. Costs are to be paid by appellant.
AFFIRMED.