457 So.2d 802 (1984)
BOARD OF COMMISSIONERS, FIFTH LOUISIANA LEVEE DISTRICT and Michael O. Hesse
v.
COMMISSION ON ETHICS FOR PUBLIC EMPLOYEES.
No. 83 CA 1081.
Court of Appeal of Louisiana, First Circuit.
October 9, 1984.
Michael D. Hesse, St. Francisville, and C. Calvin Adams, Jr., Tallulah, for plaintiff-appellant Board of Commissioners for Fifth La. Levee District.
R. Gray Sexton and Peter G. Wright, Baton Rouge, for defendant-appellee Comm. on Ethics for Public Employees.
Before COLE, CARTER and LANIER, JJ.
*803 LANIER, Judge.
This is a suit by the Fifth Louisiana Levee District (Levee District) and Michael Hesse against the Commission on Ethics for Public Employees (Commission) seeking injunctive relief and a declaratory judgment. The district court denied the injunction. No appeal was taken from this ruling. The district court also sustained the Commission's peremptory exception that the Levee District had no right of action and dismissed the Levee District from the suit. From this judgment, the Levee District devolutively appeals.

FACTS
From May 15, 1981, to October 1, 1982, Michael Hesse was employed as an Assistant Attorney General with the Department of Justice of the State of Louisiana. While in that capacity, Hesse represented the Levee District in several cases. Upon Hesse's resignation from the Attorney General's office, the Levee District undertook to secure Hesse's services for legal representation, pursuant to the authority of La.R.S. 42:263(B).[1]
A proposed contract, which was to become effective October 13, 1982,[2] was submitted by the Levee Board to the Attorney General's office and the Division of Administration for routine approval. By letter dated November 30, 1982, C. Calvin Adams, Jr., attorney for the Levee District, requested an advisory opinion from the Commission concerning the Levee District's contract for professional services with Hesse. At its January 25, 1983 meeting, the Commission rendered advisory opinion No. 82-186. The Commission concluded that "the work Mr. Hesse would do for the Levee District ... was a service which he had performed as an employee of the Attorney General's office and would have to be performed by the Attorney General's office if Mr. Hesse is unable to do this work. Thus, the proposed work would be performed `for' Mr. Hesse's former agency, and he, therefore, is prohibited by Section 1121 B of the Code from entering into a contract with the Levee District to perform this work." La.R.S. 42:1121(B) provides as follows:
General rule for other public employees. No former public employee shall, for a period of two years following the termination of his public employment, assist another person, for compensation, in a transaction, or in an appearance in connection with a transaction in which such former public employee participated at any time during his public employment and involving the governmental entity by which he was formerly employed, or for a period of two years following termination of his public employment, render, on a contractual basis to or for the agency with which he was formerly employed, any service which such former public employee had rendered to the agency during the term of his public employment.
By letter dated February 8, 1983, the Levee District requested authority from the Commission to pay a bill for services rendered by Hesse between November 16, 1982, and December 27, 1982, in the amount of $2,119.00. These services were rendered by Hesse to the Levee District pending a final determination by the Commission of the propriety of Hesse's contract with the Levee District. The Commission notified the Levee District that payment for these services "would be a violation of the Code, and if they were made, the Commission would pursue appropriate administrative remedies."

*804 RIGHT OF ACTION OF LEVEE DISTRICT
The Levee District contends that the trial court erred in maintaining the Commission's exception of no right of action because it has an interest in the contract with Hesse for legal services which has been adversely affected by the Commission's advisory opinion interpreting La.R.S. 42:1121(B).
The objection of no right of action is used to raise the question of the plaintiff's interest in the subject matter of the litigation. More specifically, the essential function of the objection is to raise the question of whether a remedy afforded by law can be invoked by a particular plaintiff. Henry v. State, Department of Health and Human Resources, 435 So.2d 565 (La.App. 3rd Cir.1983), writ denied, 441 So.2d 750 (La. 1983); Bamber Contractors, Inc. v. Henderson Brothers, Inc., 345 So.2d 1212 (La. App. 1st Cir.1977).
In the instant case, the remedy sought is provided in the declaratory judgment codal articles (La.C.C.P. art. 1871 et seq.). These articles are remedial in nature and must be liberally construed. Stoddard v. City of New Orleans, 246 La. 417, 165 So.2d 9 (1964).
La.C.C.P. art. 1872 provides, in pertinent part, as follows:
A person ... whose rights, status or other legal relations are affected by statute... may have determined any question of construction or validity arising under the ... statute ... and obtain a declaration of rights, status, or other legal relations thereunder.
When declaratory relief is sought, all persons shall be made parties who have or claim any interests which would be affected by the declarations. La.C.C.P. art. 1880; Blanchard v. Naquin, 428 So.2d 926 (La. App. 1st Cir.1983), writ denied, 433 So.2d 162 (La.1983).
The contract between an attorney and his client may be one of mandate, La.R.S. 37:212(A)(1); La.C.C. art. 2985 et seq.; Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102, 107 (La.1978) (dissenting opinion by Justice Tate); C. Sklar, The Attorney-Client Relation in Louisiana, 18 La.L.Rev. 690 (1958), or may be one for lease of the attorney's skill and labor, La. R.S. 37:212(A)(2); La.C.C. art. 2675 and arts. 2745 et seq. In either instance, the attorney agrees to perform a service for the client and the client agrees to compensate the attorney. If the contract is terminated (or nullified) as to one of the parties, it is terminated as to the other. The right to contract of one cannot be affected without also affecting the right of the other. In this posture, the Levee District is certainly a necessary party and possibly an indispensable party. Cf. Terra Development Corporation v. Southland Dragway, Inc., 442 So.2d 587 (La.App. 1st Cir. 1983), writ denied, 444 So.2d 1225 (La. 1984).
The Commission cites Louisiana Milk Commission v. Louisiana Commission on Governmental Ethics, 298 So.2d 285 (La. App. 1st Cir.1974), State Mineral Board v. Louisiana Commission on Governmental Ethics, 367 So.2d 1188 (La.App. 1st Cir. 1978), writ denied, 368 So.2d 1097 (La. 1978), and Board of Commissioners of Port of New Orleans v. Louisiana Commission on Ethics for Public Employees, 416 So.2d 231 (La.App. 1st Cir.1982), writ denied, 421 So.2d 248 (La.1982), for the proposition that the action of the Commission must prevent a public agency from carrying out its lawful functions before it is sufficiently "interested" in a matter to have a right of action. These cases are distinguishable from the instant case. All three cases dealt with investigations by the Commission into possible violations of the Ethics Code by members of the agencies. They were not investigations into activities of the agencies themselves. The agencies had no interest in the litigation unless it could be shown that the actions of the Commission would preclude the orderly transaction of the business of the agencies. However, in the instant case, the Commission is interpreting a statute in a way which would nullify the contractual rights *805 and obligations of the Levee District and Hesse with each other. If the rights of Hesse are nullified, the rights of the Levee Board will also be nullified. The Levee Board has a right of action.

DECREE
For the foregoing reasons, the judgment of the district court sustaining the Commission's peremptory exception pleading no right of action is reversed, and this action is remanded to the district court for further proceedings. The Commission is cast for the costs of this appeal of $50.00. La. R.S. 13:5112.
REVERSED AND REMANDED.
NOTES
[1] La.R.S. 42:263(B) provides as follows:

Notwithstanding the provisions of Subsection A of this Section or R.S. 42:264, the governing boards of the Cane River Levee and Drainage District, the Campti-Clarence Levee District, the Natchitoches Levee and Drainage District, the Red River Levee and Drainage District, the Fifth Louisiana Levee District, and the Nineteenth Louisiana Levee District may retain or employ special counsel as needed and without the approval of the attorney general. (Emphasis added).
[2] A signed contract between the Levee District and Hesse for legal services was introduced into evidence at the hearing on the exception; the term was from November 10, 1982, to November 9, 1983.