475 So.2d 96 (1985)
James D. CALDWELL, Plaintiff-Appellant,
v.
SECOND JUDICIAL DISTRICT INDIGENT DEFENDER BOARD, Defendant-Appellee.
No. 17123-CA.
Court of Appeal of Louisiana, Second Circuit.
August 21, 1985.
Writ Denied November 8, 1985.
*97 Culpepper, Teat, Caldwell & Avery by James D. Caldwell, Jonesboro, for plaintiff-appellant.
John Michael Ruddick, Haynesville, for defendant-appellee.
Before HALL, FRED W. JONES, Jr., and LINDSAY, JJ.
HALL, Chief Judge.
Plaintiff, a Jackson Parish attorney, filed a petition for a preliminary injunction to enjoin the Second Judicial District Indigent Defender Board from representing indigents and from receiving or dispersing money for such representation. Plaintiff alleged that the board had refused to place his name on a current panel of volunteer attorneys in violation of LSA-R.S. 15:145(A); that by doing so the board had denied him the statutory right to appointment by the court from a list; and that as a result of the board's action, the board was illegally constituted, was operating contrary to law, and was without legal authority to represent indigent defendants or to receive or disperse money for representation. An injunction was said to be necessary "to protect petitioner's rights and interests in the premises." The board filed an answer to the petition for a preliminary injunction in which the board stated that it had placed appellant's name on a list in accordance with LSA-R.S. 15:145(A). The board also filed a peremptory exception of no cause of action alleging that the petition for preliminary injunction failed to allege that irreparable injury would result unless the injunction was issued.
At a hearing held to determine whether the preliminary injunction should issue, the *98 evidence established that the board, since suit was filed, had established a volunteer list of attorneys upon which appellant's name appeared, and had established a method of operation in accordance with LSA-R.S. 15:145. At the conclusion of the hearing, the trial court held that since plaintiff's name had been placed on a list, he had no cause of action and his suit should be dismissed. Judgment was rendered rejecting plaintiff's claims; plaintiff appealed.
On appeal plaintiff contends that the trial court erred in sustaining the exception of no cause of action since plaintiff alleged that the defendant is operating on a course of action forbidden by law. Plaintiff also contends that the trial court erred in denying a preliminary injunction since plaintiff established a prima facie case on the merits that defendant is operating on a course of action forbidden by law. While we find that plaintiff's petition did state a cause of action we further find that at the time of the hearing the basis of plaintiff's claims no longer existed. Thus, we hold that the trial court acted properly in denying injunctive relief and in dismissing plaintiff's case.

FACTUAL BACKGROUND
Plaintiff submitted his name to the Second Judicial District Indigent Defender Board on October 1, 1984 with a request that his name be placed upon the panel of volunteer attorneys for Jackson Parish pursuant LSA-R.S. 15:145. On October 10, 1984, Fred L. Jackson, the chairman of the Indigent Defender Board, wrote a letter to plaintiff essentially denying plaintiff's request and informing plaintiff that Jackson had consulted with the judges on the matter and was informed that the board was operating properly under LSA-R.S. 15:145(B)(2). The letter also stated that the matter would be given attention at the next meeting of the board. Later that month, the board held a meeting at which Jackson resigned from the board and was then appointed Chief Indigent Defender Attorney for the Second District. Two members of the board, Douglas L. Stokes and J. Rush Wimberly, III, were named as Indigent Defender Attorneys for Jackson and Bienville Parishes, respectively. David Newell was named as Indigent Defender Attorney for Claiborne Parish.
On November 14, 1984, plaintiff filed a petition for a preliminary injunction. On November 30, 1984, the Indigent Defender Board held another meeting at which plaintiff's suit was discussed. At that meeting, the board created a volunteer list of attorneys for the Second Judicial District Indigent Defender Board upon which plaintiff's name appeared. A non-volunteer list was also established at that time. On December 10, 1984, the board filed its answer to plaintiff's petition and filed its peremptory exception of no cause of action. Two days later came the hearing at which plaintiff's suit was dismissed.

POWERS AND DUTIES OF INDIGENT DEFENDER BOARDS
The powers and duties of the judicial district indigent defender boards are set forth in LSA-R.S. 15:145:
A. Each district board shall maintain a current panel of volunteer attorneys licensed to practice law in this state and shall additionally maintain a current panel of nonvolunteer attorneys under the age of fifty-five licensed to practice law in this state and residing in the judicial district. The panel of nonvolunteer attorneys shall not include any attorney who has been licensed to practice in this state for thirty or more years.
B. Each district board shall select one of the following procedures or any combination thereof for providing counsel for indigent defendants:
(1)(a) Appointment by the court from a list provided by the district board of volunteer attorneys licensed to practice law in this state. In the event of an inadequate number of volunteer attorneys, appointment shall be from a list provided by the district board of nonvolunteer attorneys as provided in Subsection A of this Section. *99 The court may delegate appointing power to the district board.
(b) All appointments shall be on a successive basis. Deviations from the panel list shall be permitted only to comply with Article 512 of the Code of Criminal Procedure and in exceptional circumstances upon approval of the district board.
(2) Appointment of a chief indigent defender. The district board may employ a chief indigent defender and such assistants and supporting personnel as it deems necessary. The chief indigent defender shall be appointed for a period of three years and may not be a member of the board. The salaries of the chief indigent defender and all assistants and supporting personnel shall be fixed by the district board. All employees of the board shall possess such powers and duties as prescribed by the district board and consistent with the Code of Professional Responsibility.
The chief indigent defender may in the event of conflicts of interest, inadequate personnel or for any other reason approved by the board request that the court appoint counsel to represent indigent defendants pursuant to Section 145(B)(1).
(3) In a judicial district comprising more than one parish, the board may select the method of providing counsel for indigents on an individual parish basis.
C. The district board shall adopt rules for the transaction of business and shall keep an accurate record of all its proceedings and official actions. All papers, documents, and records of the board shall be filed at the domicile of the board.
D. The district board shall keep accurate records of the information set forth in R.S. 15:143(B) and shall furnish such information to the state board upon request.
E. The district board may expend funds for its necessary expenses, including compensating its employees and reimbursing the district board members for actual expenses in traveling to and from district board meetings and otherwise incurred while on district board business.
F. The district board may accept, receive, and use public or private grants. Copies of applications for public or private grants shall be forwarded to the state board.
G. The district board shall possess such other authority as is necessary to carry out the intent and purposes of this Code Title.
The statutory provisions quoted above show that there are basically two methods by which counsel for indigent defendants might be provided. One method is for the court to appoint counsel from a list; the other is for a chief indigent defender to be appointed along with the hiring of assistants and supporting personnel. However, regardless of which method or combination of methods is adopted, each district board is to maintain a current panel of volunteer attorneys. Establishment and maintenance of such a list is not discretionary, but is mandated by the statute.

THE EXCEPTION OF NO CAUSE OF ACTION
For purposes of determining an exception of no cause of action, all allegations of fact made in, and documents attached to a petition must be taken as true. Louisiana Milk Commission v. Louisiana Commission on Government Ethics, 298 So.2d 285 (La.App. 1st Cir.1974). The factual allegations of plaintiff's petition are to the effect that defendant was acting improperly by refusing to perform the nondiscretionary duty of placing plaintiff's name on a list of volunteer attorneys. The establishment and maintenance of such a list is a ministerial rather than a discretionary duty of an indigent defender board. Thus, the board in the instant case did act improperly in initially denying appellant's request to have his name placed on a list, and plaintiff's petition did state a cause of action for relief in this respect. Since no evidence may be introduced at any time to support *100 or controvert the objection that a petition fails to state a cause of action, LSA-C.C.P. Art. 931, and since plaintiff's petition did state a cause of action, the trial judge should not have dismissed plaintiff's case on the basis of the exception filed by the defendant. This was so despite the fact that the injunctive relief prayed for by plaintiff, relief which if granted would have had the effect of depriving indigent defendants of aid in securing legal counsel, would not have been appropriate. As long as the facts constituting a claim or defense are alleged or proved, a party may be granted any relief to which he is entitled under the fact pleadings and evidence. Cox v. W.M. Heroman and Company, Inc., 298 So.2d 848 (La.1974). LSA-C.C.P. Art. 854.

DENIAL OF INJUNCTIVE RELIEF AND DISMISSAL OF PLAINTIFF'S CASE
Although the defendant in the instant case acted improperly in initially denying plaintiff's request to have his name placed on a list of volunteer attorneys, when the problem was further evaluated by the defendant, the problem was corrected by establishing a list and placing plaintiff's name upon it prior to the hearing. Thus, at the time of the hearing of plaintiff's request for an injunction, the problem plaintiff set forth in his petition as warranting the issuance of the injunction no longer existed or had become moot. No factual or legal basis for granting injunctive or other relief was established. As a result, the trial court's judgment denying injunctive relief and dismissing plaintiff's case was proper. Regardless of what may have been a trial court's reasons for rendering a judgment, if the judgment is correct, it should be affirmed. Richie v. Ascension Parish School Board, 200 So. 681 (1941).
Both at the hearing on the preliminary injunction and in his brief on appeal, plaintiff has attempted to argue that aside from failing initially to place plaintiff's name on a volunteer list of attorneys, the defendant has acted improperly in other respects. However, a review of plaintiff's petition for a writ of injunction and a review of defendant's answer reveal that plaintiff's arguments go beyond the scope of the pleadings. The trial court observed both at the beginning and at the end of the hearing on plaintiff's request for a preliminary injunction that plaintiff's petition was phrased such that his only complaint was his name not being on the volunteer list; everything else referred back to that one point. We agree with the trial court's observation. Plaintiff's petition did not state as a separate matter that the board was illegally constituted and operating contrary to law. Rather, plaintiff's petition alleged that because the board had not placed plaintiff's name on a list the board was illegally constituted and operating contrary to law. Furthermore, defendant's answer did not change this state of affairs. Aside from denying the allegations of plaintiff's petition, defendant's answer did no more than state that the board had placed plaintiff's name on a current panel of volunteer attorneys, and state that because the board had chosen to provide representation to indigents through a chief indigent defender instead of the court appointing counsel from a list, the plaintiff had no "statutory right" to appointment as counsel for indigent persons as plaintiff had contended in his petition. Because plaintiff's other arguments go beyond the scope of the pleadings, they will not be addressed on appeal.
For the reasons set forth above, the trial court's judgment rejecting plaintiff's demands and dismissing the case is affirmed. The costs of this appeal are assessed to plaintiff.
AFFIRMED.