JiPEATROSS, Judge.
In this personal injury suit the defendant, Wal-Mart, Inc., appeals the trial court judgment finding it liable for injuries the plaintiff, Doris Lovett, sustained when she was knocked to the floor by a fleeing shoplifter. After a bench trial, the judge ruled in favor of plaintiff, Doris Lovett, and against Wal-Mart, Inc. for general damages in the amount of $9,000, medical expenses in the amount of $2,124.47 and expert witness fees in the amount of $250. The trial court also ruled in favor of plaintiff, Bobby Lovett, and against Wal-Mart, Inc. for loss of consortium in the amount of $1,000. Finally, the trial judge ruled in favor of Wal-Mart, Inc. and against the third-party defendant, Eddie Ray Hill, the shoplifter, for all sums and costs for which Wal-Mart, Inc. was cast in judgment to the plaintiffs.
FACTS
On April 29, 1991, Jean Saunders, an employee in the shoe department of the Wal-Mart store in Vivian, Louisiana, noticed Eddie Ray Hill shoplifting. Before he could be apprehended, Mr. Hill ran from the store. Later that day, Mr. Hill returned to the store wearing a different shirt. After employees were notified of Mr. Hill’s return, someone from the store called the Vivian Police. Officers Floyd Terry and Robert Garner (who was deceased at the time of trial) responded to the call.
The officers walked throughout the store looking for Mr. Hill. Once they spotted him, they asked him to identify himself. Mr. Hill denied being Eddie Ray Hill. The manager of the store, Gary Kemper [1], and Ms. Saunders were present during this questioning. After seeing his gold tooth, Ms. Saunders positively identified the man as the shoplifter from earlier in the day. Officer Terry informed Mr. Hill that he was under arrest and took Mr. Hill’s arm to escort him out of the store. Mr. Hill jerked his arm from Officer Terry’s grasp, knocked Officer Gamer 12to the floor, pushed Mr. Kemper onto the nearby service desk and bolted for the front doors. Officer Terry pursued Mr. Hill between a cash register and the service desk, while Mr. Kemper jumped over the service desk and headed for the exit doors.
At about this time, after having completed her shopping, Doris Lovett was attempting to check out at the service desk when she heard a commotion from the rear of the store. She turned to see what was happening and saw men running towards her. She leaned far back onto the counter, but was knocked to the ground by a black male whom she presumed to be a shoplifter. Mrs. Lo- *683 vett fell onto her back and hit her head on the floor. Officer Terry tackled Mr. Hill and two male employees of Wal-Mart eventually helped subdue the shoplifter.
Initially, Mrs. Lovett went home with her husband. As her pain increased, however, she subsequently was admitted to North Caddo Memorial Hospital under the care of Dr. John Haynes. Mrs. Lovett subsequently saw Dr. Haynes for the pain in her neck and between her shoulder blades. She did not seek medical treatment again until February, 1994 when she twice visited the office of Dr. William Fox.
The Lovetts filed suit on April 28, 1992 against Wal-Mart alleging that a group of store personnel and police officers, who were being led by the store manager, knocked Mrs. Lovett to the floor while tackling an alleged shoplifter. In their petition, the Lo-vetts claimed that Wal-Mart personnel created an unreasonably dangerous situation by attempting to apprehend the alleged shoplifter while inside the store. Mrs. Lovett sought general and special damages, and Mr. Lovett asserted a claim for loss of consortium.
After a one-day bench trial on June 14, 1995, the trial judge issued a written opinion dated November 20,1995, in which he found that Mrs. Lovett was entitled to recover for her pain and suffering, her medical expenses and her expert witness | afees, and that Mr. Lovett was entitled to recover for loss of consortium. The trial court granted judgment in favor of the Lovetts and against both defendants, Wal-Mart and Eddie Ray Hill, in solido, and granted judgment in favor of Wal-Mart over and against Eddie Ray Hill for 100% of the damages and costs. This opinion was supplemented by the trial judge on November 29, 1995, wherein the court concluded that the problems for which Mrs. Lovett was treated by Dr. Fox in February, 1994 were “more probably than not” related to the accident which occurred in 1991. The trial court issued its judgment on January 4, 1996. It is from this judgment that Wal-Mart appeals.
DISCUSSION

Liability ofWal-Mart

In its first assignment of error, defendant argues that the trial court erred in finding it liable for the plaintiffs injuries. Defendant argues that the evidence did not show any negligence on its part in the handling of the alleged shoplifter. Defendant further argues that even if it were negligent, the fact that the alleged shoplifter would bolt for the front doors was not reasonably foreseeable. Defendant claims that it discharged its duty by summoning the police to the scene.
Plaintiffs argue that the defendant created an unreasonably dangerous situation by confronting the alleged shoplifter inside the store, and failed in its duty to protect Mrs. Lovett from foreseeable harm. Plaintiffs contend that the trial court’s determination of fact that defendant is liable was not manifestly erroneous and, therefore, should not be disturbed on appeal.
A court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of manifest error or unless it is clearly wrong. Reasonable evaluation of credibility and reasonable inferences of fact should not be disturbed upon review even though the appellate court may feel that its own evaluations and | inferences are as reasonable. Stobart v. State Through Dept. Of Transp. & Development, 617 So.2d 880 (La.1993); Rosell v. ESCO, 549 So.2d 840 (La.1989).
In order to determine whether liability exists under the facts of a particular case, the duty-risk analysis is applied. Under this analysis, the plaintiffs must prove:
(1) The conduct in question was the cause-in-faet of the resulting harm.
(2) Defendant owed a duty of care to the plaintiff.
(3) The requisite duty was breached by the defendant.
(4) The risk of harm was within the scope of protection afforded by the duty breached.
Mundy v. Department of Health, 620 So.2d 811 (La.1993); Harris v. Pizza Hut of Louisiana, Inc., 455 So.2d 1364 (La.1984); Rowe *684 v. Schumpert Medical Center, 26,384 (La.App.2d Cir 12/7/94), 647 So.2d 390.
Whether a duty is owed is a question of law. Whether the defendant has breached the duty is a question of fact. Mundy v. Department of Health, supra; Rowe v. Schumpert Medical Center, supra; Rhodes v. Winn-Dixie Louisiana, Inc., 93-1848 (La.App. 1st Cir. 6/24/94), 638 So.2d 1168.
In general, the owner or operator of a facility has the burden of exercising reasonable care for the safety of persons on his premises and the duty of not exposing such persons to unreasonable risks of harm. Mundy v. Department of Health, supra; Harris v. Pizza Hut of Louisiana, Inc., supra; Rowe v. Schumpert Medical Center, supra; Harrison v. Clark, 607 So.2d 1 (La.App. 2d Cir.1992). This duty does not extend to unforeseeable criminal acts by third persons. Mundy v. Department of Health, supra; Rowe v. Schumpert Medical Center, supra; Rhodes v. Winn-Dixie Louisiana, Inc., supra.
Mrs. Lovett testified that when she heard the noise from behind her, she turned around and saw the shoplifter, the two policemen and some employees of | sWal-Mart running towards her. She specifically recognized the manager, Gaiy Kemper. Mrs. Lovett also testified that she did not see Mr. Hill break away, but saw the group of men hovering around and tugging at the suspected shoplifter as they ran towards her. Mrs. Lovett was unable to name anyone other than the shoplifter as hitting her and causing her to fall.
Officer Terry testified that when he arrived at the store he and Officer Garner began searching for the alleged shoplifter. Ms. Saunders pointed him out to the police and they stopped the man and began questioning him. Officer Terry remembered only Officer Garner and Ms. Saunders being present during the questioning. He stated that Ms. Saunders identified the man as the shoplifter from earlier that day and Officer Garner identified the man as Eddie Ray Hill. He then told Mr. Hill that he was under arrest and grabbed Mr. Hill’s arm. Officer Terry said that Mr. Hill jerked his arm away, knocked officer Garner to the floor and bolted for the front doors. Officer Terry chased Mr. Hill between the service desk and a cash register and eventually tackled him. Other Wal-Mart employees helped hold Mr. Hill once he was on the floor.
Tammy Collins, a Wal-Mart customer service manager who had just clocked out and was doing personal shopping, testified that she saw the officers approach Mr. Hill and begin questioning him. When Mr. Hill denied being the shoplifter from earlier that day, the officers called for Ms. Saunders to come and identify the man. Ms. Collins said that Officer Terry grabbed Mr. Hill’s arm and Mr. Hill knocked Officer Gamer to the floor, pushed the store manager, Mr. Kem-per, towards the service desk and then turned to run between the service desk and one of the cash registers. She saw Officer Terry chase Mr. Hill and Mr. Kemper jump over the service desk for what she thought was an attempt to cut Mr. Hill “off at the pass between the service desk and the front door.” She stated that it was the police who were trying to apprehend Mr. Hill.
| (¡Linda Williams, a Wal-Mart office clerk, testified that she saw Mr. Hill run between the service desk and cash register with Officer Terry chasing him. She said that the police officer dove at Mr. Hill and tackled him. Mr. Kemper jumped over the service desk and they all ended up at the exit doors. Ms. Williams stated that Mr. Hill ended up eight to ten feet to the right of where Mrs. Lovett hit the floor.
Finally, Diana Havens, the Wal-Mart customer service manager on duty the day of the incident, testified that she saw the police officers walk into the store and question Mr. Hill. The police attempted to escort Mr. Hill out of the building when he broke and ran. She saw Mr. Hill collide with Mrs. Lovett. She also made the “Code 500” call, which is the signal for all male employees to go to the designated area to help with a security problem. The two male employees who responded to the call did not arrive in the front of the store until after Mr. Hill was already on the floor.
From this evidence we conclude that the trial court was manifestly erroneous in its finding that defendant was liable for Mrs. *685 Lovett’s injuries. While defendant did have a duty to exercise reasonable care for the safety of its patrons and not expose them to unreasonable risks, it did not breach this duty in the present situation. Defendant’s employees met their duty by calling the police rather than confronting the shoplifter on their own. The police responded to the call and had taken over the situation and, in fact, had arrested Mr. Hill before he broke and ran.
We further conclude that the conduct of defendant’s employees was not the cause-in-fact of Mrs. Lovett’s injuries. While the fact that this shoplifter would flee if confronted was foreseeable because of his conduct earlier the same day, the defendant’s employees did not confront Mr. Hill when he entered the store the second time. Instead, the Vivian Police were summoned. Thus, it was Officers Terry and Garner, and not employees of Wal-Mart, who confronted Mr. Hill. In ^addition, the store manager did not pursue Mr. Hill, but rather jumped over the service desk and went to the front of the store. The other male store employees did not respond to the security code call until after Mr. Hill was already tackled and on the floor. Finally, Mrs. Lovett could not testify that a Wal-Mart employee knocked her down, and Diana Havens testified that it was Mr. Hill who collided with Mrs. Lovett and caused her to fall.
Plaintiffs mistakenly rely on the eases of Crowther v. Kmart Corp., 568 So.2d 669 (La.App. 4th Cir.1990) and Brock v. Winn Dixie of Louisiana, Inc., 617 So.2d 1234 (La.App. 3d Cir.1993). In Crowther, the plaintiff was injured when a crowd of shoppers rushed to a “blue light special” on children’s clothes which were located in the store on a wheeled cart. In Brock, the plaintiff was injured when a shoplifter ran into her and knocked her to the floor. The shoplifter ran for the exit after a store employee spotted him stealing and yelled to another employee to go to the front of the store and then yelled to the shoplifter to return the stolen merchandise. The employees then chased the shoplifter who collided with the plaintiff. In both these eases, the defendant was directly responsible for creating the condition which resulted in the plaintiffs injuries. In the present case, defendant called the police, who then confronted the shoplifter, and none of defendant’s employees chased the shoplifter through the store. The defendant, therefore, did not create the condition which resulted in plaintiffs injuries.
Since we determine that defendant was not liable for Mrs. Lovett’s injuries, we do not reach plaintiffs’ other assignment of error dealing with the trial court’s conclusion that Mrs. Lovett’s 1994 visit to Dr. Fox was “more probably than not” related to the 1991 incident.
CONCLUSION
|8For the reasons expressed, we reverse the judgment of the trial court and find in favor of the defendant, Wal-Mart, Inc. Costs of this appeal are assessed to the plaintiffs.
REVERSED AND RENDERED.

. Defendant's counsel stated that after diligent effort, she was unable to locate Mr. Kemper to testify at trial.