JiHIGHTOWER, Judge.
Plaintiff, who fell victim to a battery while exiting a convenience store, appeals the denial of his claim against the owner of a nearby nightclub. We affirm.
FACTS AND PROCEDURAL HISTORY
After leaving the Library Lounge at approximately 1:45 a.m. on January 22, 1994, Justin Colvin and his step-daughter traveled diagonally across the street to The Concession Stand, a convenience food store operated in a small shopping center owned by DeSiard Shopping Center, Inc. After Colvin purchased beer and exited the store, an unknown assailant ran out of a crowd gathered in the shopping center parking lot and struck Colvin on the left side of his face, breaking his nose.
Patrons from both the store and Cooter Bay, a dance-style nightclub located some fifty feet away in the same shopping center, utilized the parking lot. Routinely, Cooter Bay hired bouncers to maintain order inside the bar and off-duty policemen for crowd control in the parking lot. Often, as occurred on this occasion, the officers moved inside to assist customers in leaving the bar approximately five to fifteen minutes prior to closing.
After the incident and following an emergency room examination, Colvin returned home but subsequently required surgery for the nasal fracture. Claiming negligence in security procedures, he later filed suit against E.F. Discount Foods d/b/a The Concession Stand, DeSiard Shopping Center, Inc., and Lee Denny, the owner and operator of Cooter Bay. A pre-trial settlement resulted in the dismissal of the shopping center and its insurer from the suit, and the trial court ruled in favor of the remaining defendants. Plaintiff settled with E.F. Discount Foods after trial, leaving Denny as the only remaining defendant on appeal.
Discussion
The duty-risk analysis, utilized to determine liability under the facts of a particular ease, requires the plaintiff to show the conduct in question to have been the cause-in-fact of the resulting harm; that the defendant owed, but breached, a duty of care toward the plaintiff; and that the risk of harm was within the scope of the protection afforded by the duty breached. Lovett v. Wal-Mart Stores, Inc., 29,067 (La.App.2d Cir. 01/22/97), 687 So.2d 681, and authorities therein. A factual finding by the trial court, of course, is accorded great deference. Lirette v. State Farm Ins., Co., 563 So.2d 850 (La.1990). If the district court’s evaluations are reasonable in light of the record in its entirety, the court of appeal will not reverse even when convinced that, sitting as the trier of fact, it would have weighed the evidence differently. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993).
Generally, the owner or operator of a facility has the burden to exercise reasonable care for the safety of persons on his premises and the duty not to expose such persons to unreasonable risks of harm. Mundy v. Department of Health, 620 So.2d 811 (La.1993); Lovett, supra; Rowe v. Schumpert Medical Center, 26,344 (La. App.2d Cir. 12/07/94), 647 So.2d 390. While this duty does not extend to unforeseeable criminal acts.by third persons, id., when a duty to protect others against criminal activity has been assumed, liability may be created by a negligent breach of that duty. Mundy, supra; Rowe, supra. In the case sub judice, the trial court concluded that plaintiff failed to establish that defendant owed or assumed a duty toward him, or that defendant breached any such duty. After review of the record, we find no error in that determination.[1]
The record shows that Cooter Bay hired off-duty police for the specific purpose *101 of controlling its bar patrons. The officers performed those functions both in the parking lot and inside the bar at closing time. Despite the common parking lot being utilized by both establishments, the convenience store contributed nothing toward the hiring of the officers, either by way of consultation or financial support, and did not independently contract with the off-duty police for the protection of its patrons. Under these circumstances, we decline to broaden Cooter Bay’s security duty so expansively as to protect all shopping center customers, including Colvin. To do so would onerously ^enlarge the agreed-upon responsibility and thereby confront defendant with the impossible duty to protect any and all shopping center customers from every crime. Indeed, the unidentified assailant in the present case has never been shown to have even patronized the bar.
Moreover, appellant failed to prove a breach of any such duty. To prevail in that regard, the plaintiff must show the violent act to have been reasonably foreseeable, and that the defendant should have prevented that act. Rowe, supra. The random, unanticipated criminal act in the case at hand occurred within a matter of seconds and without the assailant’s identity ever being established. We fail to see how such a deed, while clearly unfortunate for plaintiff, could have been expected or prevented short of impossible measures or mere chance. In fact, Officer James Morales testified that he could not have prevented the specific incident if four or five officers had been in the parking lot and even if “you had the whole shift there_” Thus, defendant did not fall below any reasonable standard of care in failing to provide security measures such as plaintiff would impose.
Conclusion
For the foregoing reasons, we affirm the trial court judgment in favor of defendant, Lee Denny d/b/a Cooter Bay, rejecting the claims of Justin Colvin at his cost.
AFFIRMED.

. Although plaintiff argues that the trial court’s reasons for judgment do not "articulate the theory or the evidentiary facts upon which its conclusion is based ..the judgment should be affirmed if correct, regardless of the trial court’s reasons for judgment. Vig v. City of Shreveport, 28,530 (La.App.2d Cir. 08/21/96), 679 So.2d 524, writ denied, 96-2285 (La. 11/15/96), 682 So.2d 775; Caldwell v. Second Judicial District IDE, 475 So.2d 96 (La.App. 2d Cir.1985), writ denied, 477 So.2d 1126 (La.1985).